Maddocks *v.* Ricker; Casson.

JOSEPH A. MADDOCKS, JR., & another[1] *vs.* DONALD F. RICKER
& others;[2] JAMES W. CASSON, THIRD, third-party defendant.

Worcester. October 5, 1988. — December 15, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil*, Interlocutory appeal, Contribution. *Attorney at Law*, Representation of differing interests, Disqualification, Negligence. *Negligence*, Attorney at law.

In the circumstances of a civil action, an order disqualifying a certain attorney from representing the plaintiffs was properly subject to interlocutory review to the extent that the order was challenged on the basis of issues collateral to the underlying dispute in the case. [596]

An attorney who filed a complaint on behalf of plaintiffs was properly disqualified from representing his clients when the defendants impleaded the attorney as a third-party defendant for contribution in the same action. [596-597]

Plaintiffs whose attorney had been properly disqualified from representing them on the ground of the attorney's personal conflict of interest were not entitled to a revocation of the disqualification order on the ground that they had consented to his continuing representation within the meaning of S.J.C. Rule 3:07, DR 5-105 (C), where it was not "obvious that he [could] adequately represent the interest[s]" of both the plaintiffs and himself. [597]

Discussion of the principles of the doctrine of present execution that permits interlocutory review of certain orders involving issues collateral to the underlying dispute in a civil action. [597-599]

In a civil action, an order of judgment under Mass. R. Civ. P. 12 in favor of one defendant was a ruling on the merits of the case not subject to interlocutory review. [600]

In the circumstances of a civil action, the allowance of a motion to add the plaintiffs' attorney as a third-party defendant for contribution, which resulted in the attorney's disqualification to represent the plaintiffs, was properly subject to interlocutory review to the extent that the ruling was challenged on the basis of issues collateral to the underlying dispute in the case. [600-601]

[1] Georgia A. Maddocks.

[2] Richard Ricker and Leslie Gove.

An attorney who had filed a complaint on behalf of plaintiffs, asserting a contract claim against a construction firm and a negligence claim against two attorneys for their failure to assert the plaintiff's contract claim within the period of the statute of limitations, was properly impleaded, under Mass. R. Civ. P. 14, in the same action as a third-party defendant for contribution based on an allegation that the attorney was negligent, thus jointly liable for the injury to the plaintiffs, for his failure to contest entry of judgment for the construction concern in circumstances where the issue whether the statute of limitations had actually run on that claim was live when the judgment was ordered against the plaintiffs. [601-602]

CIVIL ACTION commenced in the Superior Court Department on June 9, 1986.

A motion by the defendant Gove for summary judgment was heard by *William C. O'Neil, Jr.,* J. Additional pretrial motions were heard by *O'Neil,* J., who directed entry of an order disqualifying counsel.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

The case was submitted on briefs.

*Joseph A. Maddocks, Jr., & Georgia A. Maddocks,* each pro se.

*Edward P. Healy & Michael W. Garland* for Donald F. Ricker & another.

WILKINS, J. An interlocutory order entered disqualifying an attorney, James W. Casson, III, from representing his plaintiff clients in this action as long as Casson remained a third-party defendant in it or in any other action similarly criticizing his representation of the plaintiffs as counsel in this action. The plaintiffs seek interlocutory review of the disqualification order. They also seek interlocutory review of the order by which Casson was added as a third-party defendant and of the determination that judgment for the defendant Gove should be entered. We transferred the appeal here on our own motion.

Almost lost in the procedural and ethical questions that this case presents is the plaintiffs' fundamental concern. The plaintiffs allege in their amended complaint, filed by Casson, that they contracted with the defendant Leslie Gove, doing business as L & G Construction (Gove), in September through

November, 1980, for site preparation work for the relocation of a house to a lot in Paxton. They also allege that Gove performed the work pursuant to the contract in a negligent, careless, and unworkmanlike manner causing harm to the plaintiffs. In a separate count, the plaintiffs allege that in August, 1981, they retained the defendant attorneys, Donald F. and Richard Ricker, to represent them in their claim against Gove and that the defendant attorneys negligently "failed to commence legal proceedings against [Gove] within the period of the statute of limitations and, therefore, the plaintiffs have forever lost their claim against [Gove]."[3] We thus have the curious circumstance of a complaint in one count seeking relief against Gove and in another seeking relief against the defendant attorneys because the plaintiffs' claims against Gove have been irretrievably lost.

Gove moved for "summary judgment," asserting that he was entitled to judgment on the allegations of the complaint (not the amended complaint). The motion stated that the contract was entered into on or about June 20, 1980, and that this action was not commenced until June 27, 1986.[4] Gove further relied on the complaint's allegation that the statute of limitations had run. The motion judge allowed the "summary judgment" motion (which was really a motion for judgment under Mass. R. Civ. P. 12, 365 Mass. 754 [1974]), stating that the claim against Gove was time barred on its face. Apparently unknown to the motion judge, five days earlier, the plaintiffs as of right had filed an amended complaint that changed the date of the contract from on or about June 20, 1980, as alleged in the complaint, to "September through November of 1980." Although he had notice of it, Casson did not appear to oppose the "summary judgment" motion. The defendant attorneys received no notice of the motion.

---

[3] The amended complaint also alleges that the defendant attorneys concealed their negligence from the plaintiffs. It seems to be agreed that the defendant attorneys terminated the attorney-client relationship by an October 11, 1984, letter suggesting that the plaintiffs seek other counsel.

[4] The docket indicates that the complaint was in fact filed on June 9, 1986.

The defendant attorneys sought unsuccessfully to vacate the "summary judgment" order and successfully moved for leave to implead Casson as a third-party defendant for contribution. The motion judge declined to vacate his allowance of judgment for Gove, stating that Casson had not appeared to oppose the motion and that Casson had become concerned about the Gove ruling only when he learned that the defendant attorneys were contending that he was liable for contribution because of that and other omissions.[5] Once he had allowed the motion to add Casson as a third-party defendant, the judge concluded that he had permitted "an intolerable situation" to be created and that he was compelled to disqualify Casson from continuing to serve as counsel for the plaintiffs. He directed the entry of an order disqualifying Casson from acting for the plaintiffs in this case or for so long as any case similarly challenging the quality of his services to the plaintiffs as their counsel in this suit was pending.[6]

Before considering the questions raised on this appeal, we briefly discuss the statute of limitations. An action in tort for damages arising out of any deficiency or neglect in the construction of an improvement to realty must be commenced within three years after the cause of action accrues. G. L. c. 260, § 2B, as amended through St. 1973, c. 777, § 2, as applicable to this case. In *Klein* v. *Catalano,* 386 Mass. 701, 718-719 (1982), we held that, although § 2B refers only to actions in tort, the purpose underlying § 2B required that recovery

---

[5] The third-party complaint alleged that Casson negligently failed to assert a contract claim against Gove and to appear in opposition to the "summary judgment" motion or to seek an order vacating that judgment.

The failure of a party to appear to oppose a motion for "summary judgment" does not bar that party from challenging the judgment on appeal. The motion judge's allowance of "summary judgment" can be justified only if it is correct on the allegations of the amended complaint, an issue which we conclude is not properly before us at this time.

[6] The order read: "It is hereby ordered that James W. Casson, III is disqualified from continuing to represent the plaintiffs Jospeh A. Maddocks, Jr., and Georgia A. Maddocks for so long a period as there shall continue to exist a third party complaint against him in this suit or any similar complaint in a separate suit which complaint criticizes his professional services provided to the plaintiffs as their counsel in this suit."

likewise must be denied on the parallel theory of breach of an implied warranty arising out of the same facts. We viewed as different a claim based on an express warranty of a certain result. *Id.* at 720. Thus, for example, if Gove had promised to perform his work according to specific plans and specifications, the six-year statute of limitations for contract actions would apply. G. L. c. 260, § 2 (1986 ed.). On this record, we are unable to say whether the six-year statute of limitations has any application to the plaintiffs' claim against Gove.

We now address first the defendant attorneys' claim that the order disqualifying Casson from representing the plaintiffs is not an appealable interlocutory order. We conclude that the order is properly subject to interlocutory review only to the extent that it is challenged on the basis of issues that are collateral to the underlying dispute in the case. An issue is collateral to the underlying dispute if it is one that will not have to be considered at trial. In this case, issues that are not collateral include the plaintiffs' claim against Gove (its nature and the applicable statute of limitations) and the question whether the defendant attorneys were negligent. As to those issues that are collateral, we see no error in the order of disqualification.

We start with the premise, not challenged by the plaintiffs, that as long as Casson is a third-party defendant in this action or the defendant attorneys properly assert a claim of contribution against Casson, he should not act for the plaintiffs in this case. For example, in proving that the defendant attorneys were negligent in their handling of the plaintiffs' claim against Gove, Casson would be establishing one of the essential elements of the defendant attorneys' claim against him for contribution, that is, liability for the same injury. Under S.J.C. Rule 3:07, DR 5-105 (B), as appearing in 382 Mass. 781 (1981), quoted in the margin,[7] Casson would be representing

---

[7] DR 5-105 (B) states: "A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, except to the extent permitted under DR 5-105 (C).

differing interests. In fact, he would have a personal interest contrary to that of his clients.

The plaintiffs argue that under S.J.C. Rule 3:07, DR 5-105 (C), as appearing 382 Mass. 781, 782 (1981), quoted in the margin,[8] they have consented to the multiple representation, and thus the disqualification order should be revoked. Several months after the disqualification order was entered, the plaintiffs executed an affidavit which states that, without surrendering any claim they may have against Casson, they wished to have him continue to represent them at least until the issues on appeal were decided. The affidavit does not present the kind of consent referred to in DR 5-105 (C). Nor does it appear on the record that the plaintiffs received "full disclosure of the possible effect of [the multiple] representation on the exercise of [Casson's] independent professional judgment on behalf of each [client]." We doubt whether DR 5-105 (C) can be applied to justify representation of a client when the attorney is a third-party defendant for the purposes of contribution, whether or not he represents himself. In any event, even if there was valid consent, it is certainly not "obvious," in the words of DR 5-105 (C), that Casson "can adequately represent the interest[s]" of both the plaintiffs and himself. See *Unified Sewerage Agency of Wash. County, Or. v. Jelco Inc.*, 646 F.2d 1339, 1350 (9th Cir. 1981); *Rice v. Baron*, 456 F. Supp. 1361, 1376 (S.D.N.Y. 1978).

Therefore, unless the plaintiffs can establish that Casson should not be a party and is not a proper target for contribution and can do so within the permissible limits of interlocutory review, the disqualification order must stand.

As a general rule, there is no right to appeal from an interlocutory order unless a statute or rule authorizes it. See *Breault v. Chairman of the Bd. of Fire Comm'rs of Springfield*, 401 Mass. 26, 30 (1987), cert. denied sub nom. *Forastiere v.*

---

[8] DR 5-105 (C) states: "In the situations covered by DR 5-105 (A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each."

*Breault*, 485 U.S. 906 (1988); *CUNA Mut. Ins. Soc'y* v. *Attorney Gen.*, 380 Mass. 539, 540 (1980); *Borman* v. *Borman,* 378 Mass. 775, 778-779 (1979); *Mancuso* v. *Mancuso*, 10 Mass. App. Ct. 395, 401 n.6 (1980); G. L. c. 231, § 118 (1986 ed.); Mass. R. Civ. P. 64, 365 Mass. 831 (1974). In the *Borman* case, we recognized a long-standing exception to the general rule (see *Vincent* v. *Plecker*, 319 Mass. 560, 564 [1946]): if an interlocutory order will interfere with rights in a way that cannot be remedied on appeal, the doctrine of present execution may permit the appeal. *Borman* v. *Borman, supra* at 779-780. In some of our older cases applying the principle, the consequences of the immediate implementation of an interlocutory order plainly could not be cured on appeal. See, e.g. *Ferrick* v. *Barry,* 320 Mass. 217, 219 (1946) (an order to wind up the affairs of a partnership and distribute assets); *Plumer* v. *Houghton & Dutton Co.,* 277 Mass. 209, 212-213 (1931) (order to sell all the debtor's assets).

There are other cases in which, although arguably the alleged error was capable of correction on appeal from a judgment dispositive of the entire case, an interlocutory order resolving a matter conclusively as to certain parties has been treated as appealable forthwith. See, e.g., *Marcus* v. *Pearce Woolen Mills, Inc.*, 353 Mass. 483, 484-485 (1968) (order vacating appearance of contestant in will contest); *Vincent* v. *Plecker, supra* at 565 (decree resolving case in favor of one defendant, but not another, is immediatley appealable); *Barringer* v. *Northridge,* 266 Mass. 315, 318 (1929) (decree resolving dispute between plaintiff and trustee in trustee process appealable although dispute with primary defendant remained unresolved). Today, the rules of civil procedure would call for entry of a separate judgment. See Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974).

What unites all these cases is that the appellate issues they posed did not in any way overlap with the questions remaining to be decided in the trial court. Although our prior opinions had never said so, we pointed out in the *Borman* case that the cases in which we have applied the doctrine of present execution

involved only orders on issues collateral to any remaining controversy. *Borman* v. *Borman, supra* at 782 n.12.

In ruling as we did in the *Borman* case, we were mindful that a client's right to counsel of his own choosing is not an absolute one (*McCourt Co.* v. *FPC Porperties, Inc.*, 386 Mass. 145, 151 [1982]), but is nonetheless an interest that should be respected. We were also concerned, however, that a rule allowing interlocutory review delays resolution of the underlying dispute and tends to increase appellate workloads. We adopted a case by case analysis that allows a client to challenge a disqualification order only if the grounds for disqualification can be reviewed independently of any consideration of the merits of the case.

At the time of the *Borman* opinion, it appeared that an order of disqualification entered in a Federal court would be immediately reviewable. *Borman* v. *Borman, supra* at 780 n.10. In 1985, however, several years after our *Borman* opinion, the Supreme Court of the United States concluded that "orders disqualifying counsel in civil cases . . . are not collateral orders subject to appeal as 'final judgments' " under 28 U.S.C. § 1291 (1982). *Richardson-Merrell Inc.* v. *Koller*, 472 U.S. 424, 440 (1985). The Supreme Court disclaimed the use of a case-by-case analysis to determine whether the grounds for disqualification of counsel were sufficiently separate from the merits of the litigation to justify interlocutory review. *Id.* ("[W]e conclude that orders disqualifying counsel in civil cases, as a class, are not suffficently separable from the merits to qualify for interlocutory appeal"). In effect, the Supreme Court has ruled, as a matter of law, that in all cases an order of disqualification of counsel does not involve issues collateral to the controversy.[9]

---

[9] After the *Koller* case, Maryland adopted the same rule (*Harris* v. *Harris*, 310 Md. 310, 320 [1987] and Connecticut reversed its position and decided that disqualification orders should not be immediately appealable (*Burger & Burger, Inc.* v. *Murren*, 202 Conn. 660, 669-670 [1987]). These courts concluded that posttrial review might be adequate if the burden were placed on the party who sought disqualification to show that there was no prejudice from the disqualification. See *Burger & Burger, Inc., supra* at 668; *Harris, supra.*

We adhere to the position stated in our *Borman* opinion, that if the appeal from an order of disqualification involves issues collateral to the basic controversy and if an appeal from a judgment dispositive of the entire case would not be likely to protect the client's interests, interlocutory review is appropriate.[10] Applying this rule, we have no difficulty in concluding that we should not decide the plaintiffs' claim that the judge erred in ordering judgment for Gove, the contractor. That is a question concerned with the merits of the case.[11] We think the disqualification order here, if made in error, involves a direction to act that realistically could not be cured on appeal. In theory, if the disqualification were error, there could be a new trial at which Casson could represent the plaintiffs. In practice, however, it is unlikely that an appellate court would reverse a judgment and require a new trial in the absence of a demonstration, often impossible to make, that any erroneous disqualification order significantly prejudiced the rights of the client. The challenge to the allowance of the motion to add

---

[10] If the issues are not collateral, interlocutory review can be obtained only on report by the motion judge (Mass. R. Civ. P. 64, 365 Mass. 83 [1974]), or by leave of an appellate judge (*CUNA Mut. Ins. Soc'y* v. *Attorney Gen.*, 380 Mass. 539, 540 [1980]). See *Masiello* v. *Perini Corp.*, 394 Mass. 842, 850 (1985), concerning interlocutory appeal of denial of a disqualification motion.

[11] The plaintiffs' challenge to the allowance of Gove's motion for judgment is clearly an attempted appeal of an unreviewable, interlocutory order that concerns an aspect of the underlying dispute. This issue can be considered on appeal from a judgment in favor of Gove. Gove filed a motion for entry of a separate judgment (Mass. R. Civ. P. 54 [b]), but it appears no such judgment has been entered.

The propriety of the order allowing Gove's motion for judgment bears greatly on the disqualification of Casson. If, contrary to the motion judge's view, the statute of limitations had not run (on a contract-based claim against Gove) as a matter of law on the face of the amended complaint prepared by Casson, Gove should still be in the case, and the defendant attorneys would have no basis for seeking contribution from Casson. Casson's failure to appear to oppose the "summary judgment" motion could be the basis for a claim by the plaintiffs against Casson, but the defendant attorneys would have no right of contribution because the injury possibly caused by Casson's failure to appear (the delay and the costs of appeal to correct the error in entering judgment for Gove) would not be the "same injury" (G. L. c. 231B, § 1[a]) that was caused by the defendant attorneys' alleged failure to bring suit on time.

Casson as a third-party defendant is so closely related to the challenge to the disqualification order that we consider it as properly before us, but again only as to issues that are collateral to the underlying dispute in this action.

We turn then to consideration of the allowance of the motion to implead Casson as a third-party defendant. An issue that could be independent of the underlying controversy is the question whether the defendant attorneys have any valid claim against Casson. The plaintiffs are probably correct that Casson could not be directly liable to the defendant attorneys for his negligence in handling the plaintiffs' claims against Gove. See *Bickel* v. *Mackie*, 447 F. Supp. 1376, 1381 (N.D. Iowa), aff'd, 590 F.2d 341 (8th Cir. 1978). That fact is irrelevant, however, because, as we read the third-party complaint, the defendant attorneys' claim against Casson is founded on Casson's obligation of contribution if it is determined that the plaintiffs lost their claims against Gove because both the defendants and Casson were negligent. See *Gartner* v. *Lombard Bros.*, 197 F.2d 53, 55 (3d Cir. 1952). Further, in considering another issue collateral to the underlying dispute, we see no valid basis for argument that, as a matter of law on the face of the pleadings, the alleged negligence of the defendants and of Casson did not result in joint liability for the same injury (G. L. c. 231B, § 1 [*a*]) to the plaintiffs, thus justifying contribution.[12]

When Lawyer II brings an action for malpractice on behalf of a client against Lawyer I, Lawyer II is not immunized from liability to Lawyer I for contribution if the negligence of each

---

[12] We see no merit to the plaintiffs' further claim that the defendant attorneys were not entitled to use Mass. R. Civ. P. 14, as amended, 385 Mass. 1216 (1982), to add Casson as a third-party defendant. There is no doubt that rule 14 (a) may be used to add as a third-party defendant one who may be liable to a defendant for contribution. See *Hayon* v. *Coca Cola Bottling Co.*, 375 Mass. 644, 648-649 (1978); J.W. Smith & H.B. Zobel, Rules Practice § 14.7, at 407 (1974 & Supp. 1988); 6 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1448, at 263 (1971 & Supp. 1988). Moreover, even if procedurally it would not be appropriate to add Casson as a third-party defendant in this case, the conflict of interest problem would not disappear. See *Rice* v. *Baron*, 456 F. Supp. 1361, 1374 (S.D.N.Y. 1978).

caused the same injury to the client. In this case, the plaintiff clients may have lost their rights to recover against Gove because (1) the defendant attorneys let the statute of limitations run on the plaintiffs' negligence and implied warranty claims against Gove and (2) Casson failed to protect the plaintiffs' rights against Gove on an express warranty or contract theory. We, therefore, see nothing special about the facts of this case that would make rule 14 joinder of Casson inappropriate. [13]

A decision to add a plaintiff's lawyer as a third-party defendant has significant consequences to the client because the client must lose the attorney of his choice or must await a decision as to whether his current attorney (Lawyer II) might be liable for contribution. The decision under rule 14 to allow a third-party complaint (or the decision not to dismiss such a complaint filed of right under rule 14) requires careful and prompt judicial attention. If the merits of the claim for contribution can be addressed and ruled on immediately, the question whether a plaintiff needs new counsel should be answered at an early stage in the case. The judge should be alert to the possibility that Lawyer I is using the cross complaint as a tactical device to disqualify Lawyer II. At the same time, Lawyer II should

---

[13] The New York Court of Appeals allowed Lawyer I to maintain a third-party claim for contribution against Lawyer II when the former client, represented by Lawyer III, brought a malpractice action against Lawyer I. *Schauer* v. *Joyce,* 54 N.Y.2d 1, 5-6 (1981). In *Catania* v. *Lippman,* 98 A.D.2d 826, 827 (N.Y. 1983), the court held that, when Lawyer II sues Lawyer I in malpractice on behalf of a client, not only may Lawyer I seek contribution from Lawyer II in a third-party complaint, but also Lawyer II should be disqualified from representing the plaintiff client.

There are a number of opinions from courts of appeal in California, but none from the California Supreme Court, that deal with the question whether Lawyer II may be added as a third-party defendant when Lawyer II brings a malpractice action on behalf of a client against Lawyer I. See Mallen & Levit, Legal Malpractice § 82, at 163-166 (2d ed. 1981). Compare *Gibson, Dunn & Crutcher* v. *Superior Court,* 94 Cal. App. 3d 347, 356 (1979) (denying Lawyer I a right to cross complain against Lawyer II), with *Parker* v. *Morton,* 117 Cal. App. 3d 751, 766-767 (1981) (Lawyer I may in the circumstances cross complain against Lawyer II). Some California opinions seem to suggest that Lawyer I has no right to obtain contribution at all from Lawyer II and not simply that joinder of Lawyer II in the action is inappropriate.

not be entitled to use his continued representation of the client to immunize himself from the consequences of his own negligent conduct.

We conclude, on the issues open for consideration in this appeal, that Casson may not properly represent the plaintiffs and at the same time be a third-party defendant. The appeal from the order allowing the motion for judgment for the defendant Gove is dismissed as premature. The order of disqualification and the order allowing the motion to add Casson as a third-party defendant are affirmed in so far as issues relating to them are properly before us for interlocutory review.

*So ordered.*