Doerfer, J.
The plaintiff Joecy O’Neil (“O’Neil”) and third-parfy defendant Michael McKay (“McKay”) are joint renters of a property owned by defendant Richard Obadiah (“Obadiah”). Ms. O’Neil brought this action in negligence against Obadiah to recover damages for injuries sustained when she allegedly was caused to fall by an unnatural accumulation of ice and snow and by the defective condition of stairs at Obadiah’s prop *55 erty. On or about December 6, 1993, Obadiah filed a third-party complaint against Mr. McKay alleging that an agreement existed between Obadiah and McKay whereby McKay • agreed to maintain the premises. Attorney John L. Dodge, who represents the plaintiff, answered the third-party complaint on behalf of McKay.[1] The defendant/third-party plaintiff has now moved to disqualify the plaintiffs attorneys from representing the third-party defendant. For the reasons which follow, the defendant/third-party plaintiffs motion is denied.
DISCUSSION
Simultaneous representation of clients with adverse interests is proscribed in Disciplinary Rule (DR) 5-105(A) and 5-105(B) of the Model Code of Professional Responsibility. Wellman v. Willis, 400 Mass. 494, 501 (1987). “The only exception to this prohibition on simultaneous representation is contained in DR 5-105(C), which permits a lawyer to represent multiple clients ‘if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure.’ ” Id.
In Wellman v. Willis, the Supreme Judicial Court noted the troubling language in DR 5-105. The Court described the problem as follows: “[OJnce it is shown that the exercise of the lawyer’s independent professional judgment would be or would likely be adversely affected, how could it ever be ‘obvious’ that he could adequately represent the interest of each party?” Well-man, supra at 501, quoting In re Complaint as to the Conduct of Porter, 238 Or. 517, 529 n.5 (1978). The Court therefore adopted the definition set forth by the Ninth Circuit, which states that “ ‘obvious’ must be assessed in reference to an objective standard under which the ability of the attorney to represent adequately the interests of each client is ‘free from doubt.’ ” Unified Sewerage Agency v. Jelco, Inc., 646 F.2d 1339, 1348 n. 12 (9th Cir. 1981).
In the instant case, both the plaintiff and the third-party defendant have consented by affidavit to dual representation and have averred that counsel has fully disclosed any and all potential conflicts which may arise as a result of this dual representation. Both parties have indicated by affidavit that they perceive no conflict and are in agreement as to the facts of this case. Further, the plaintiff has indicated in her affidavit that she is “aware that no such agreement existed” between Obadiah and the third-party defendant. (Affidavit of Joecy O’Neil, ¶3.) Finally, as joint renters, the court concludes that the interests of the plaintiff and the third-party defendant are not likely adverse. As in Wellman v. Willis, this court similarly declines “to read the ‘obviousness’ requirement of DR 5- 105(C) to justify ‘overriding the client’s right to take a calculated risk, and, with full knowledge, engage the attorney of his choice.’ ”[2] Wellman, supra at 502, quoting Unified Sewerage Agency, supra at 1349-50. Accordingly, the defendant’s motion to disqualify the plaintiffs attorneys from representing the third-party defendant is denied.
ORDER
For the foregoing reasons, the Defendant Richard Obadiah’s Motion to Disqualify the Plaintiffs Attorneys from the Representation of the Third-Party Defendant is DENIED.

The plaintiff and the third-party defendant are both represented by Attorney Richard I. Clayman and Attorney John L. Dodge.

It should be noted that this case is distinguishable from Maddocks v. Ricker, Casson, 403 Mass. 592, 597 (1988), in which the Supreme Judicial Court held that a lawyer could not adequately represent the interests of his clients, the plaintiffs, and himself in a case where the lawyer had been impleaded by defendants for contribution. In Maddocks, the court also found that neither client consent nor full disclosure had been given as required under DR 5-105(C). Maddocks, supra at 597. Further, in this case, the plaintiff asserts that the defendant is wholly liable for her injuries, while the defendant asserts that, instead, McKay is liable. Therefore, in contrast to Maddocks, a victory for the plaintiff against the defendant is not adverse to, and in fact promotes, the third-party defendant’s interests.