NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12512

IN THE MATTER OF VALERIANO DIVIACCHI.

August 23, 2018.

Supreme Judicial Court, Appeal from order of single justice.
    Attorney at Law, Disciplinary proceeding, Reinstatement.
    Practice, Civil, Review of interlocutory action.


    Valeriano Diviacchi was suspended from the practice of law
for twenty-seven months, effective January 2, 2016.  See Matter
of Diviacchi, 475 Mass. 1013, 1021 (2016).  In January, 2018, he
filed a petition for reinstatement in the county court, see
S.J.C. Rule 4:01, § 18 (4), as appearing in 453 Mass. 1315
(2009) which was then transmitted to the Board of Bar Overseers
(board).  See S.J.C. Rule 4:01, § 18 (5).  Insofar as it appears
on the record, the board has not yet held a hearing on the
petition because Diviacchi has objected to providing certain
information on the reinstatement questionnaire required by the
rules governing reinstatement.  See S.J.C. Rule 4:01, § 18 (4)
(g).  See also Rules of the Board of Bar Overseers § 3.63
(2009).[1]

    A single justice of this court has denied Diviacchi's
motion to compel the board to hold a hearing and declined to
review Diviacchi's objections to the questionnaire.  Diviacchi's

_____

    [1] The reinstatement questionnaire is set forth in Appendix 1
of the Rules of the Board of Bar Overseers (2009).
Specifically, Diviacchi has declined to provide certain
information called for in Part II of the questionnaire
concerning his income, assets, and financial obligations during
the period of his suspension.

appeal from the single justice's order is now before us.[2]  This appeal must be dismissed because the single justice's order is interlocutory and, therefore, is not appealable as a matter of right.  No final appealable order or judgment disposing of the petition for reinstatement has yet been entered.  "As a general rule, there is no right to appeal from an interlocutory order unless a statute or rule authorizes it."  Maddocks v. Ricker, 403 Mass. 592, 597 (1988).

Diviacchi has a choice.  He may choose to provide the information requested on the reinstatement questionnaire, or he may maintain his objections to doing so.  Regardless of the choice he makes, it will be incumbent on the board to make findings and recommendations to the court with respect to the petition.  S.J.C. Rule 4:01, § 18 (5).  It may be that the board is unable to recommend allowance of the petition if information required by the questionnaire is not provided; that is a matter for the board to decide, as to which we express no view at this interlocutory juncture.  Once the board makes its findings and recommendation, the single justice then will be in a position to decide whether Diviacchi has met his "burden of demonstrating that he . . . has the moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth, and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar, the administration of justice, or to the public interest."  Id.  Any party aggrieved by the single justice's final decision on the matter will be entitled to appeal at that point in accordance with the applicable rules, and it is at that point -- after a final appealable decision on the petition has been rendered -- that the full court will be in a position to decide all issues regarding reinstatement, including, if it comes to pass and remains relevant, Diviacchi's objection to providing information required by the questionnaire.  See S.J.C. Rule 4:01, § 18 (8).

Appeal dismissed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

---

[2] Diviacchi has filed a preliminary memorandum and appendix pursuant to S.J.C. Rule 2:23, as appearing in 471 Mass. 1303 (2015).  The rule is inapplicable here, since Diviacchi is not seeking relief from a final order or judgment of a single justice on the petition for reinstatement.

<u>Valeriano Diviacchi</u>, pro se.