NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

19-P-922                                            Appeals Court

RALPH WILBUR  vs.  MARGARET O. TUNNELL, executrix.[1]


No. 19-P-922.

Middlesex.     February 12, 2020. - July 10, 2020.

Present:  Massing, Neyman, & Singh, JJ.


Executor and Administrator, Claims against estate, Attorney.
     Practice, Civil, Interlocutory appeal, Party pro se.



     Civil action commenced in the Superior Court Department on
July 10, 2017.

     A motion to proceed pro se was heard by Maureen B. Hogan,
J.


     Jonas A. Jacobson for the defendant.

     MASSING, J.  This appeal concerns whether the personal

representative of an estate, who is the estate's only

beneficiary, may proceed pro se in litigation brought against

the estate by its only creditor, and whether the personal

_____

     [1] Of the estate of Arthur W. Tunnell, III.

representative has the right to an immediate appeal of an order requiring her to retain counsel.  We answer both questions in the affirmative.

     Background.  Arthur W. Tunnell, III, died on October 11, 2016, leaving a will that named his sister, Margaret O. Tunnell, as his sole heir.[2]  Margaret was appointed personal representative of Arthur's estate on November 10, 2016.

     From March 1999 until his death, Arthur resided at a property in Melrose, which he leased from the plaintiff, Ralph Wilbur.  On July 10, 2017, Wilbur sued Margaret, in her capacity as the executrix of Arthur's estate, for property damage and loss of rental income.  Margaret, appearing without counsel, filed a motion to dismiss the complaint.  After a hearing, in an order entered on October 16, 2017, a Superior Court judge denied the motion to dismiss and ordered Margaret to retain an attorney to represent the estate.  Margaret duly retained counsel who, months later, filed a motion styled as a motion for reconsideration of the judge's order of October 16, 2017, and alternatively as a motion seeking permission for Margaret to proceed pro se.  Wilbur opposed Margaret's motion to proceed pro se "because any judgment in [his] favor might be called into question if the Defendant [Margaret] did not have counsel."  The

_____

     [2] For clarity, we refer to the Tunnells by their first names.

judge denied the motion on November 27, 2018.  On January 15, 2019, Margaret, through counsel, filed in the Superior Court a motion to file a late notice of appeal, see Mass. R. A. P. 4 (c), as amended, 378 Mass. 928 (1979).[3]  The motion was allowed on January 18, 2019, and Margaret thereupon filed a notice of appeal from the order denying the motion to proceed pro se.[4]

Discussion.  1.  Doctrine of present execution.  The denial of Margaret's motion to proceed pro se was an interlocutory order.  "As a general rule, there is no right to appeal from an interlocutory order unless a statute or rule authorizes it."  Maddocks v. Ricker, 403 Mass. 592, 597 (1988).  "The policy underlying this rule is that 'a party ought not to have the power to interrupt the progress of the litigation by piecemeal appeals that cause delay and often waste judicial effort in

---

[3] Rule 4 (c) of the Massachusetts Rules of Appellate Procedure was further amended, effective March 1, 2019.  See 481 Mass. 1606 (2019).

[4] On January 7, 2019, prior to filing the notice of appeal, Margaret filed in this court a petition under G. L. c. 231, § 118, first par., seeking relief from the denial of her motion. A single justice dismissed the petition as untimely under the thirty-day statutory limitations period applicable to petitions under G. L. c. 231, § 118, which cannot be extended.  See DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 169-170 (2018).  The single justice further noted, "To the extent defendant argues that the doctrine of present execution applies to the order at issue, without making any determination as to the propriety of the defendant's argument, the proper avenue of review of an order within that doctrine is by filing a notice of appeal in the trial court."

deciding questions that will turn out to be unimportant.'" Fabre v. Walton, 436 Mass. 517, 521 (2002), quoting Borman v. Borman, 378 Mass. 775, 779 (1979).

The doctrine of present execution is an exception to this well-settled rule. See Lynch v. Crawford, 483 Mass. 631, 634 (2019); Theisz v. Massachusetts Bay Transp. Auth., 481 Mass. 1012, 1014 (2018); Fabre, 436 Mass. at 520-521. "Pursuant to the present execution doctrine, an order is 'immediately appealable if it concerns an issue that is collateral to the basic controversy . . . and the ruling will interfere with rights in a way that cannot be remedied on appeal from the final judgment.'" Commonwealth v. Delnegro, 91 Mass. App. Ct. 337, 341 (2017), quoting Rodriguez v. Somerville, 472 Mass. 1008, 1009 (2015). Collateral issues are those "that will not have to be considered at trial." Maddocks, 403 Mass. at 596.

Parties have the right to an interlocutory appeal under the doctrine of present execution only in narrowly defined circumstances. For example, an interlocutory appeal is permitted from the denial of a motion to dismiss by a government official claiming qualified immunity. Because the purpose of such immunity is to protect the official from litigation itself, if the order denying immunity was wrongfully denied and the official was forced to go forward in the litigation, the protection of immunity would be "lost forever." Brum v.

Dartmouth, 428 Mass. 684, 688 (1999). For similar reasons, the doctrine applies to claims of immunity asserted by volunteers for nonprofit organizations under the Federal Volunteer Protection Act and the State charitable immunity statute, see Lynch, 483 Mass. at 632-633, 638-640, and to denials of special motions to dismiss under the anti-Strategic Litigation Against Public Participation statute, which is designed to protect individuals exercising their right to petition from burdensome retaliatory litigation, Fabre, 436 Mass. at 520-522. See generally H.J. Alperin, Summary of Basic Law § 4.14 (5th ed. 2014) (collecting cases applying doctrine of present execution).

Most analogous to the case before us is the application of the doctrine of present execution to attorney disqualification orders in civil cases. See Smaland Beach Ass'n v. Genova, 461 Mass. 214, 219 n.10 (2012); Maddocks, 403 Mass. at 596-600; Borman, 378 Mass. at 780-781. An appeal from an order of disqualification is a collateral issue appropriate for interlocutory review because it would "not have to be considered at trial." Maddocks, supra at 596. Orders of disqualification also cannot be remedied on appeal from a final judgment because they "are conclusive of a party's right to counsel of his choice," Borman, supra at 780, and cannot realistically be cured on appeal. See Maddocks, supra at 600 ("it is unlikely that an appellate court would reverse a judgment and require a new trial

in the absence of a demonstration, often impossible to make,
that any erroneous disqualification order significantly
prejudiced the rights of the client").[5]

In this case, the requirements for the application of the
doctrine of present execution are met.  The propriety of
Margaret's representation of Arthur's estate is entirely
collateral to the merits of the case, which involves claims of
property damage and loss of rental income.  Furthermore, the
denial of Margaret's motion to proceed pro se cannot be remedied
on appeal from the final judgment, as she will have incurred
attorney's fees to defend the case -- either that, or she will
have been forced to cease defense of the estate altogether and
accept the consequences.  As Margaret's ability to proceed

---

[5] The doctrine of present execution does not apply to orders
disqualifying counsel in criminal cases.  See Delnegro, 91 Mass.
App. Ct. at 340-343.  In the criminal context, departure from
the final judgment rule is assessed under the Federal
"collateral order" exception.  See Flanagan v. United States,
465 U.S. 259, 265 (1984); Delnegro, supra at 341.  The
collateral order exception requires that the interlocutory
appeal "conclusively determine the disputed question[,] . . .
resolve an important issue completely separate from the merits
of the action[,] and . . . be effectively unreviewable on appeal
from a final judgment" (quotation and citation omitted).  Id.
"[A] motion to disqualify counsel in a criminal case does not
satisfy the third prong . . . because it is not 'effectively
unreviewable on appeal from a final judgment.'"  This is so
because a criminal defendant who demonstrates improper
disqualification has the effective remedy of obtaining a new
trial without a showing of prejudice.  Id., quoting Flanagan,
465 U.S. at 265.

without counsel would be "lost forever" if she were required to retain an attorney to proceed through final judgment, the narrow circumstances warranting an immediate appeal under the doctrine of present execution are present here.[6]

2. Propriety of estate proceeding pro se. The ability to represent oneself in the courts of the Commonwealth is protected by statute. See G. L. c. 221, § 48 ("Parties may manage, prosecute or defend their own suits personally, or by such attorneys as they may engage").[7] A person appearing pro se, however, may not represent another person or entity, as doing so would constitute the unauthorized practice of law. See G. L. c. 221, § 46A ("No individual, other than a member, in good standing, of the bar of this [C]ommonwealth shall practice law"). The purpose of this limitation on self-representation is to "enhance the effectiveness of the judicial department,"

---

[6] We note that the appellate avenue taken here may not be the most expeditious route to the desired destination. In civil cases in all trial courts except the district and municipal court, parties may petition a single justice of this court for discretionary review of an interlocutory order, so long as review is sought within thirty days of entry of the order. See G. L. c. 231, § 118, first par.; Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 614 (1980). Margaret's tardiness in pursuing discretionary review of the order, see note 4, supra, required her to pursue a longer route.

[7] Similarly, Federal law provides the right to proceed pro se in civil actions in Federal court. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as [permitted] by the rules of such courts, respectively").

Opinion of the Justices, 289 Mass. 607, 612 (1934), and "to protect the public." LAS Collection Mgt. v. Pagan, 447 Mass. 847, 850 (2006).

Legal entities such as corporations, limited liability companies, and trusts cannot be represented by individuals who are not licensed to practice law. See Braxton v. Boston, 96 Mass. App. Ct. 714, 717 (2019). Such legal entities possess interests "separate and apart from their shareholders and members." Dickey v. Inspectional Servs. Dep't of Boston, 482 Mass. 1003, 1004 (2019). Given the advantages and protections bestowed on the corporate and trust form, their individual members, officers, and trustees "must bear the burdens of that form as well." Braxton, 96 Mass. App. Ct. at 717. Those burdens include the burden of hiring counsel to engage in legal action. See Varney Enters., Inc. v. WMF, Inc., 402 Mass. 79, 82 (1988).

This appeal presents the question whether the statutory right of natural persons to represent themselves in "their own suits" extends to the personal representative of an estate who is also the sole beneficiary and seeks to defend the estate against its only creditor.[8]  "Whether [the representative of an

---

[8] The one-year statute of limitations for claims by creditors of the estate has run.  See G. L. c. 190B, § 3-803 (a) ("a personal representative shall not be held to answer to an action by a creditor of the deceased unless such action is

estate] can proceed pro se and, if so, under what circumstances, are questions that we have not yet answered." Lowery v. Resca, 75 Mass. App. Ct. 726, 726 n.3 (2009).[9]

As a general rule, the Federal Courts of Appeals have held that when representation of an estate affects any outside interests, whether of other beneficiaries or of creditors, a personal representative who is not an attorney may not represent the estate pro se. See Malone v. Nielson, 474 F.3d 934, 937 (7th Cir. 2007); Jones v. Correctional Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005); Shepherd v. Wellman, 313 F.3d 963, 970-971 (6th Cir. 2002); Pridgen v. Andresen, 113 F.3d 391, 392-393 (2d Cir. 1997). The purpose of the general rule is to protect third-party interests and the interests of the court. When an estate has beneficiaries other than the personal representative, or other creditors with claims on the estate, litigation involving an estate cannot be treated as the representative's "own [case] because the personal interests of

_____

commenced within [one] year after the date of the death of the deceased"). Wilbur is the only creditor who commenced a claim against the estate within the limitations period. (Nothing in the record suggests the existence of other creditors or claims brought after the limitations period.)

[9] Executors and administrators appear to have routinely represented estates without comment. See, e.g., Clymer v. Mayo, 393 Mass. 754 (1985); Torphy v. Reder, 357 Mass. 153 (1970); Robinson v. Nutt, 185 Mass. 345 (1904); Pritchard v. Attorney Gen., 77 Mass. App. Ct. 494 (2010).

the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings.  A non-lawyer representative therefore would be litigating claims that are not personal to him."  Iannaccone v. Law, 142 F.3d 553, 559 (2d Cir. 1998).

Nonetheless, the representative of an estate may proceed pro se in Federal court where there are no other beneficiaries or creditors other than the litigants.  See Bass v. Leatherwood, 788 F.3d 228, 230 (6th Cir. 2015); Guest v. Hansen, 603 F.3d 15, 17 (2d Cir. 2010).  See also Pridgen, 113 F.3d at 393 ("We . . . hold that an administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant" [emphasis added]).  "Because the [personal representative] is the only party affected by the disposition of the suit, he is, in fact, appearing solely on his own behalf."  Guest, 603 F.3d at 21.  See Bass, 788 F.3d at 230 (rule prohibiting personal representative from proceeding pro se on behalf of estate "has no role to play when the only person affected by a nonattorney's representation is the nonattorney herself").  When the executor is the sole beneficiary and there are no other creditors to the estate, "the dangers that accompany lay lawyering are outweighed by the right to self-representation."  Guest, supra.

Like the Federal courts, other State courts generally prohibit the personal representative of an estate from proceeding pro se when the personal representative is not the only beneficiary.  See Ex parte Ghafary, 738 So. 2d 778, 779-781 (Ala. 1998); Davenport v. Lee, 348 Ark. 148 (2002); Ratcliffe v. Apantaku, 318 Ill. App. 3d 621, 627 (2000); State v. Simanonok, 539 A.2d 211, 212 (Me. 1988); Kelly v. St. Francis Med. Ctr., 295 Neb. 650, 654-656 (2017); Kasharian v. Wilentz, 93 N.J. Super. 479, 482 (N.J. Super. Ct. App. Div. 1967); Brown v. Coe, 365 S.C. 137, 142 (2005); State ex rel. Baker v. County Court of Rock County, 29 Wis. 2d 1, 18-19 (1965).  The State of Florida appears to be the only State that has addressed the precise circumstances here.  There, as in Federal court, the personal representative of an estate may proceed pro se "so long as only the [personal representative of the estate] remains the sole interested party therein."  State ex rel. Falkner v. Blanton, 297 So. 2d 825, 825 (Fla. 1974).

In the narrow circumstances presented, where no third-party interests other than those of the litigants are at stake, we agree with the weight of Federal and State authority that the personal representative ought to be able to exercise the statutory right of self-representation.  Margaret, the sole beneficiary of the estate, was appointed by the court to act as personal representative to facilitate the settlement of the

estate. She is required to defend the estate in litigation brought by its only creditor. The personal representative's desire to proceed pro se will not compromise or affect the rights or interests of any beneficiaries other than herself; the outcome of this matter will affect only the personal representative and the sole creditor, Wilbur. Wilbur, as a party to the case, will be present to protect his own interests. In these limited circumstances, the statutory right to represent oneself in one's "own suit" permits Margaret to represent her brother's estate.[10]

Conclusion. The order requiring the defendant to retain counsel, and the order denying the defendant's motion for reconsideration and request for permission to proceed pro se, are reversed. The defendant personal representative, pro se, may represent the estate in this matter.

So ordered.

---

[10] We recognize that the statutorily recognized right to self-representation may place a burden on the court and on opposing parties. Accordingly, a party wishing to assert the right to self-representation must do so timely -- preferably at the commencement of the case -- and unequivocally, discharging any previously retained counsel. See Iannaccone, 142 F.3d at 558. And although the judge's function is "to provide a self-represented party with a meaningful opportunity to present her case by guiding the proceedings in a neutral but engaged way," CMJ Mgt. Co. v. Wilkerson, 91 Mass. App. Ct. 276, 283 (2017), and "some leniency is appropriate," the statutes and rules of procedure "bind a pro se litigant as they bind other litigants." Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985).