Hilary **PRIDGEN**, in her individual capacity as shareholder & director of Microbyx Corp., John Van Raalte, in his individual capacity as shareholder & director of Microbyx Corp., Hilary Pridgen and John Van Raalte, nominally and derivatively on behalf of Microbyx Corp., **Plaintiffs–Counter–Defendants–Appellees–Cross–Appellants,**

v.

John **ANDRESEN,** Defendant–Counter–Claimant,

Constance Andresen, on behalf of herself and as executrix of the estate of John Andresen, and Microbyx Corp., a nominal defendant, **Defendants–Counter–Claimants–Appellants–Cross–Appellees.**

Nos. 568, 1413, Dockets 96–7428(L), 96–7456(XAP).

United States Court of Appeals, Second Circuit.

Argued Feb. 12, 1997.

Decided May 19, 1997.

Yvette Harmon, Ross & Hardies, New York City (David B. Zabel, Cohen & Wolf, Bridgeport, CT, of counsel), for Plaintiffs–Counter–Defendants–Appellees–Cross–Appellants.

Constance Andresen, New York City, Pro Se.

Estate of John Andresen, New York City, Pro Se.

Before: JACOBS, CALABRESI, and LAY *, Circuit Judges.

JACOBS, Circuit Judge.

In this derivative action, shareholders of Microbyx Corporation ("Microbyx") have won a judgment in the United States District Court for the District of Connecticut (Martinez, *M.J.*) against John Andresen, the corporation's co-founder, and Constance Andresen. On appeal, the Andresens appeared pro se to challenge the judgment, including the equitable award of attorney's fees pursuant to Delaware law and Fed.R.Civ.P. 23.1, and to defend the cross-appeal in which the shareholders Hilary Pridgen and John Van Raalte challenge the grant of relief as insufficient. John Andresen died after the submission of the Andresens' brief; following convoluted motion practice, the estate of John Andresen has been substituted as defendant-counter-claimant-appellant-cross-appellee. Many of the numerous issues presented on this appeal are decided in a summary order filed simultaneously herewith. We write to consider two issues: (1) whether Constance Andresen may represent the estate of John Andresen pro se, and (2) whether we have jurisdiction to consider the Andresens' appeal from the aspect of the judgment that requires them to pay attorneys' fees, the amount of which has not yet been determined. We summarize only the proceedings that bear upon our disposition of these issues.

The amended complaint alleged that the Andresens, as officers of Microbyx, violated federal securities law, Delaware law, and the Microbyx by-laws, and that John Andresen breached his fiduciary duty of loyalty. In a nutshell, the allegations are that the Andresens raised $2.4 million of capital for Microbyx on the strength of a false representation that Microbyx was close to marketing a tampon testing kit that could detect certain cancers; that much of that money was paid to Sarles Associates ("Sarles"), an entity wholly owned by the Andresens; and that, although the payments to Sarles were made pursuant to a management contract, Sarles provided no services to Microbyx. The Andresens counterclaimed.

Following a two-week trial in October and November 1995, the jury found in favor of the shareholders, and awarded damages in the amount of $850,000 against John Andresen for breach of his fiduciary duty. The district court subsequently entered findings and conclusions as to equitable relief, and permanently enjoined both Andresens from voting certain illegally acquired proxies and from committing any future violations of securities laws or of the Microbyx by-laws. The court also awarded attorney's fees pursuant to Delaware law and Fed.R.Civ.P. 23.1, in an amount to be determined at a separate hearing. A second amended judgment was entered on May 8, 1996.

### A

The Andresens had been represented by counsel at trial, but appeared here pro se. In July 1996, the Andresens filed their brief and appendix addressing the issues on the appeal. On August 1, 1996 (before the shareholders filed their responsive brief), John Andresen died.[1] Constance Andresen then moved pursuant to Fed.R.App.P. 43(a) to substitute herself for her deceased husband. A prior panel of this Court denied that motion without prejudice to renewal upon submission of documentation showing that Mrs. Andresen had been appointed administrix or executrix of John Andresen's estate; the panel expressly reserved decision on whether she could represent his estate pro se. She subsequently renewed the substitution motion, citing her appointment as executrix of her deceased husband's estate by the Connecticut Probate Court, and we granted substitution at oral argument.

■ The issue remaining from that motion practice is whether or not Mrs. Andresen may appear pro se as executrix of her husband's estate. We need not decide this question categorically because we think the issue

---

* The Honorable Donald P. Lay, of the United States Court of Appeals, for the Eighth Circuit, sitting by designation.

1. After her husband's death, Mrs. Andresen moved for leave to file a reply brief out of time. That motion was granted insofar as she filed for herself and not on behalf of her husband.

can be resolved on the basis of her admission at oral argument that there are creditors of the estate. The representation of this estate thus entails interests other than the interests of Mrs. Andresen alone, and therefore cannot be undertaken by Mrs. Andresen pro se.

■ The right to proceed pro se in civil actions is guaranteed by 28 U.S.C. § 1654: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Pursuant to this statute, "[a] litigant in federal court has a right to act as his or her own counsel." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990). *See generally O'Reilly v. New York Times Co.*, 692 F.2d 863, 867–70 (2d Cir.1982).

■ Nevertheless, appearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity. Thus it is well established that a layperson may not represent a corporation, *see Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir.1967) (per curiam), may not assert pro se a claim that has been assigned to the litigant by a corporation, *see Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir.1983), and may not appear pro se to pursue a shareholder's derivative suit, *see Phillips v. Tobin*, 548 F.2d 408, 411–12 (2d Cir.1976). We have also held that a layperson may not represent a partnership, *see Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir.1991), or appear pro se on behalf of his or her minor child, *see Cheung*, 906 F.2d at 61. These limits on pro se representation serve the interests of the represented party as well as the interests of adversaries and the court. *See Jones*, 722 F.2d at 22.

■ We now hold that an administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant. The only other federal court of appeal that has addressed this issue—the Eleventh Circuit—considered it in banc and was equally divided. The district court had disqualified co-representatives of an estate from proceeding pro se on the estate's behalf. A panel of the Eleventh Circuit reversed, *see Reshard v. Britt*, 819 F.2d 1573 (11th Cir.1987), with Chief Judge Roney dissenting; and the in banc panel split evenly, thereby affirming the district court's order as a matter of law, *see Reshard v. Britt*, 839 F.2d 1499 (11th Cir.1988) (per curiam) (in banc). We are persuaded by the reasoning of Chief Judge Roney's dissent to the panel opinion: when an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigant's own, because "the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome" of the proceedings. 819 F.2d at 1583 (Roney, *J.*, dissenting).

Having decided this issue on that basis, we have no occasion to decide whether an administratrix or executrix who is the sole beneficiary of an estate without creditors may appear pro se on its behalf.

Our ruling leaves John Andresen's estate unrepresented in this Court; however, John Andresen's appellate brief was filed during his lifetime, and we have decided the appeal as to his estate based on that brief. John Andresen had no opportunity to respond to the appellate arguments advanced in the shareholders' brief, but no reply is necessary for us to reach a decision. *Cf.* Fed.R.App.P. 31(c) (the consequence of failing to file an appellee brief is that "the appellee will not be heard at oral argument except by permission of the court").

**B.**

■ Second, the Andresens challenge the district court's award of attorney's fees. We conclude that we lack jurisdiction to decide this issue because the district court order awarding attorney's fees left open the amount of the fees to be paid.

Circuits are split as to whether there is appellate jurisdiction to review an order awarding attorney's fees when the amount of the award remains to be determined. *Compare BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1099 (7th Cir.1994) (citing *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820,

826–27 (7th Cir.1984)) (review is available, notwithstanding the open amount of attorney's fees award, when the appeal of the order awarding fees is consolidated with the appeal from the final order deciding the merits of the action); *Andrews v. Employees' Retirement Plan of First Ala. Bancshares, Inc.*, 938 F.2d 1245, 1247–48 & n. 6 (11th Cir.1991) (same), with *Southern Travel Club, Inc. v. Carnival Air Lines, Inc.*, 986 F.2d 125, 131 (5th Cir.1993) (per curiam) (no jurisdiction to review an award of attorney's fees prior to reduction of the award to a sum certain); *Pennsylvania v. Flaherty*, 983 F.2d 1267, 1276 (3d Cir.1993) (same); *Phelps v. Washburn Univ. of Topeka*, 807 F.2d 153, 154–55 (10th Cir.1986) (per curiam) (same); *Gates v. Central States Teamsters Pension Fund*, 788 F.2d 1341, 1343 (8th Cir.1986) (same). *See generally* 15B Charles Alan Wright et al., *Federal Practice and Procedure* § 3915.6, at 332–35 (2d ed. 1991).

We have held that orders awarding attorney's fees *as a sanction* are not appealable until the amount of the sanction has been determined. *See Discon, Inc. v. NYNEX Corp.*, 4 F.3d 130, 133 (2d Cir.1993); *Cooper v. Salomon Bros. Inc.*, 1 F.3d 82, 84–85 (2d Cir.1993). In so holding, we specifically rejected the Seventh Circuit's analysis in *Bittner* as an unjustified broadening of appellate jurisdiction. *See Cooper*, 1 F.3d at 85. The same reasoning yields the same result with respect to appellate review of an award of attorney's fees generally. *See* 15B *Wright et al.* § 3915.6, at 347 ("It is not surprising that the rules of finality for sanction orders parallel the rules for attorney fee awards."). Although this Court in *Synergy Gas Co. v. Sasso*, 853 F.2d 59 (2d Cir.1988), adjudicated an award of attorney's fees the amount of which had not yet been set, we later questioned that decision, noting that the availability of appellate jurisdiction had not been raised and that such adjudication "was at most an exercise of pendent appellate jurisdiction." *Discon*, 4 F.3d at 133.

## C

The motion of Constance Andresen to appear pro se on behalf of the estate of John Andresen is denied. The appeal from the grant of attorney's fees is dismissed for lack of appellate jurisdiction.