Charles E. JONES, Executor of the Estate of Anna Brown Smith, Plaintiff–Appellant,

v.

LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND, Defendant–Appellee.

No. 02–2419.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 24, 2003.*

Decided Feb. 27, 2003.

Before BAUER, CUDAHY, and KANNE, Circuit Judges.

## ORDER

Charles E. Jones, as executor of the estate of Benton Smith's widow, sued the Local 705 International Brotherhood of Teamsters Pension Fund (the "Fund") for unpaid interest on delayed benefits due to Mr. Smith and paid to Mrs. Smith's estate. The district court granted the Fund's motion for summary judgment, finding that the Fund was not obligated to pay interest on those benefits because any delay in their disbursement was due to Mr. Smith's failure to properly submit a completed pension application. We affirm.

Benton Smith belonged to the Coal Drivers, Helpers, and Handlers Union and contributed to its pension fund from 1946 to 1976. (The Coal Drivers, Helpers, and Handlers Union Pension Fund later merged with the Local 705 International

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Brotherhood of Teamsters Pension Fund.) On November 23, 1976, Mr. Smith applied for pension benefits, specifying December 1, 1976, as his anticipated date of retirement.

Because applicants must be 65 years old to receive benefits under the Fund's pension plan, the Fund requires that proof-of-age documentation be provided to perfect an application. In 1976, the year Mr. Smith applied, the Fund required either a birth certificate or a baptismal certificate as proof of age. In lieu of these, the Fund would also accept two of the following documents: a life insurance policy at least five years old, a school age record, a confirmation record, a certificate-of-army record, the affidavit of an older relative, or any document from any organization showing the applicant's age at the time of joining the organization.

With his application, Mr. Smith submitted an affidavit stating that he was born in 1911 and so was 65 years of age in 1976. He also stated in his affidavit that he did not have a birth or baptismal certificate. Because the Fund did not accept personal affidavits from pension applicants to prove their own age, it denied Mr. Smith's application, and he did not appeal that denial. In 1981 Mr. Smith submitted a Homestead Exemption Application and a Chicago Vehicle Renewal Application, both of which showed his year of birth as 1911. These documents were not on the list of acceptable proof-of-age documents, and apparently the Fund did not accept them as proof of age, but the parties do not say whether or how the Fund responded.

In 1987 the Fund revised its list of acceptable proof-of-age documents. Along with a birth or baptismal certificate, the Fund would also accept numerous documents, including a census bureau notification of birth registration, a hospital birth record, a Bible or other family record, or two documents from another list, including

military records, a passport, certified school records, a life insurance policy, a certified labor union or fraternal record, or a marriage license. Mr. Smith did not submit any of these additional documents, but in 1987 he submitted a Social Security record identifying his year of birth as 1911. At that time the Fund would consider Social Security documentation in conjunction with other reliable documentation to prove age, but it would not accept Social Security documentation alone. In 1988 the Fund notified Mr. Smith that it still did not have enough information to process his application, and again Mr. Smith did not appeal. Mr. Smith died in 1994, and Mrs. Smith, her husband's sole heir, died in July 1997, neither having ever received any pension benefits.

Shortly before Mrs. Smith's death, Jones, her nephew and the sole beneficiary of her estate, attempted to assist Mrs. Smith in completing her husband's pension application. To prove Mr. Smith's date of birth, Jones sent the Fund a marriage application and license. The Fund determined that those documents, along with the previous documentation sent to the Fund, provided sufficient proof of Mr. Smith's date of birth. Accordingly, in February 1998 the Fund disbursed to Mr. Smith's estate a lump-sum pension benefit in the amount of $20,657. The payment on these delayed benefits did not include any interest. Jones appealed the Fund's refusal to pay interest, and the Fund denied his appeal on the ground that the Fund's plan did not provide for payment of interest on retroactively paid pension benefits. The Fund added that Mr. Smith's payments were delayed not because of wrongdoing by the Fund but because Mr. Smith "failed to perfect his pension application under the terms of the 1976 Plan Document."

After the Fund denied his appeal, Jones brought this suit, alleging that the Fund wrongfully refused to consider the proof-of-age documents he submitted. He asserted that the Fund was unjustly enriched by having interest-free use of the money until 1998, and he sought the unpaid interest or the imposition of a constructive trust pursuant to § 502(a)(3)(B) of ERISA. The district court granted the Fund's motion for summary judgment, holding that the delay was not wrongful because Mr. Smith's application did not become complete until 1997 when Jones submitted acceptable proof-of-age documents.

On appeal Jones, proceeding *pro se*,[1] again argues that he is entitled to the unpaid interest because the Fund, by refusing to consider the proof-of-age documents Mr. Smith submitted in 1976, 1981, and 1987, wrongfully delayed disbursing his benefits. Under Section 502(a)(3)(B) of ERISA, plan participants can recover interest on delayed benefits, but relief is available only if the delay was unjustifiable or wrongful. *Clair v. Harris Trust and Sav. Bank*, 190 F.3d 495, 498–99 (7th Cir. 1999). In short, Jones is entitled to relief only if the Fund violated its plan documents, which in 1976 (the year Mr. Smith applied) required payment of benefits to eligible applicants who had reached age 65 and who had submitted acceptable proof-of-age documents.

■ The Fund, however, did not receive acceptable proof-of-age documents until 1997. The personal affidavit that Mr.

Smith submitted in 1976 was not acceptable as a proof-of-age document, nor were the documents he sent in 1981—the Homestead Exemption Application and Chicago Vehicle Renewal Application. The Social Security record Mr. Smith submitted in 1987 would have been sufficient in conjunction with another acceptable proof-of-age document, but at that time Mr. Smith had not submitted another acceptable document. Not until 1997 did the Fund receive two acceptable documents showing that Mr. Smith was born in 1911 (the marriage license Jones sent in 1997 and the Social Security record Mr. Smith sent in 1987), and at that time it promptly paid the benefits to Mrs. Smith's estate. We agree with the district court that the Fund was justified in denying benefits until the required proof was supplied.

■ Even if the Fund had wrongfully denied paying Mr. Smith's benefits earlier than February 1998 (and we do not believe it did), Jones still would not be entitled to obtain unpaid interest on the delayed benefits. Because "extracontractual compensatory damages are ... unavailable under § 502(a)(3)(B)," Jones can recover only those damages specified in the Fund's plan, *Bassler–Harsch v. Eisenberg*, 956 F.2d 651, 657–58 (7th Cir.1992); *see also May Dept. Stores Co. v. Federal Ins. Co.*, 305 F.3d 597, 603 (7th Cir.2002), and unpaid interest on delayed benefits is not a specified remedy. Under the Fund's plan, Jones's only remedy was payment of Mrs.

---

1. The Fund argues that Jones, as the executor of Mrs. Smith's estate, lacks standing to bring this claim *pro se* because the claim for unpaid interest belongs to Mr. Smith's estate. But this argument does not raise an issue of standing in the Article III sense; rather it points to a question of the real party in interest. *See Frank v. Hadesman and Frank, Inc.*, 83 F.3d 158, 159–60 (7th Cir.1996). In response to an inquiry from this court, Jones has assured us that he is the sole beneficiary to Mrs. Smith's estate, and thus he does have a personal interest in this controversy. Because we are deciding this case on the merits, we, like the Second Circuit, need not reach the question whether an executor who is the sole beneficiary of an estate without creditors may appear *pro se* on its behalf. *See Pridgen v. Andresen*, 113 F.3d 391, 393 (2nd Cir.1997).

Smith's full survivor pension benefits, which he received in February 1998.

Jones raises a variety of other arguments in his brief, but none of these are logical or developed. We "construe *pro se* filings liberally" and will analyze any "cogent arguments" that can be discerned from an appellate brief, but here we can discern no other arguments from Jones's brief. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001); *see* Fed. R.App. P. 28.