UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JOE L. WITHERSPOON, Personal
Representative of the Estate of
Marie B. Robinson,
                    *Plaintiff-Appellant,*

v.

JEFFORDS AGENCY, INCORPORATED;
ALLSTATE INSURANCE COMPANY,
                    *Defendants-Appellees.*

No. 03-1467

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Senior District Judge.
(CA-02-1831-4-12BH)

Submitted: May 19, 2003

Decided: March 1, 2004

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

Remanded by unpublished per curiam opinion.

**COUNSEL**

Joe L. Witherspoon, Appellant Pro Se. Jon René Josey, TURNER,
PADGETT, GRAHAM & LANEY, P.A., Florence, South Carolina,
for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Joe L. Witherspoon, as personal representative of the Estate of Marie B. Robinson, appeals the district court's order dismissing his civil action without prejudice for failure to comply with the magistrate judge's order to retain counsel. For the reasons set forth below, we remand for further findings.

The right to proceed pro se in civil actions is guaranteed by 28 U.S.C. § 1654 (2000). However, "a person ordinarily may not appear pro se in the cause of another person or entity." *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). Although we have not addressed this issue, two of our sister courts have held that the personal representative of an estate cannot represent the estate pro se if there are other beneficiaries or creditors involved. *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002); *Pridgen*, 113 F.3d at 393.

We have reviewed the record on appeal and find it inadequate to assess whether Witherspoon must obtain counsel to litigate on behalf of the Estate. For example, it is unclear whether Witherspoon is a beneficiary of the Estate, whether there are other beneficiaries, and whether there are any creditors involved. Accordingly, we remand the case to the district court for further proceedings to ascertain whether there are any other interested parties to the Estate. The record, as supplemented, will then be returned to this court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*REMANDED*