# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1985

_____

Dennis Wade Jones, (Deceased)          *
by and through Adrian Devon Jones,     *
Administrator of decedent's estate,    *
                                       *
                                       *
          Appellant,                   *
                                       *   Appeal from the United States
     v.                                *   District Court for the
                                       *   Eastern District of Arkansas.
Correctional Medical Services, Inc.;   *
Dr. Duong Ly, East Arkansas            *
Regional Unit, Arkansas Department     *
of Correction, sued as Duong Ngoc Ly;  *
John and Jane Does,                    *
                                       *
          Appellees.                   *

_____

Submitted: February 18, 2005
     Filed:  March 29, 2005 (Corrected 4/15/05)

_____

Before WOLLMAN, HANSEN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

As administrator of the estate of Dennis Wade Jones, Adrian Devon Jones –
who is not an attorney – sued Correctional Medical Services, Inc. ("CMS") and

Duong Ngoc Ly, M.D. The district court[1] dismissed the lawsuit, because Adrian Jones undertook the unauthorized practice of law in filing the suit. Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

Dennis Jones died from cancer while incarcerated in the Arkansas Department of Corrections. Adrian Jones sued invoking 42 U.S.C. § 1983 and several state causes of action, including medical malpractice. After the statute of limitations ran on the medical malpractice claim, the court appointed counsel to represent the estate. CMS and Ly moved to dismiss, because the complaint was filed by a non-attorney on behalf of an estate.

The district court dismissed, applying Arkansas law on survival actions, which prohibits "a person who is not a licensed attorney and who is acting as an administrator, executor or guardian [from] practic[ing] law in matters relating to his trusteeship on the theory that he is practicing for himself." *Davenport v. Lee*, 72 S.W.3d 85, 90 (Ark. 2002), *quoting* *Arkansas Bar Ass'n v. Union Nat'l Bank of Little Rock*, 273 S.W.2d 408, 410 (Ark. 1954).

Adrian Jones asserts that the court improperly applied Arkansas rather than federal law.[2] This court reviews de novo the dismissal of a suit by the district court. *Carter v. Arkansas*, 392 F.3d 965, 968 (8th Cir. 2004). This court may affirm on any ground supported by the record. *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (citation omitted).

---

[1] The Honorable William R. Wilson Jr., United States District Judge for the Eastern District of Arkansas.

[2] At oral argument, Adrian Jones's counsel also asserted judicial estoppel against NMS and Ny. This court does not address this argument, because it may only review issues specifically raised and argued in appellant's brief. *See* *White v. Moulder*, 30 F.3d 80, 82 (8th Cir. 1994), *cert. denied*, 513 U.S. 1084 (1995).

28 U.S.C. § 1654 protects a party's right to "plead and conduct their own cases personally or by counsel," but subjects the pleading and conduct to the rules of federal courts. *See* ***Carr Enters., Inc. v. United States***, 698 F.2d 952, 953 (8th Cir. 1983). A federal court has "inherent power to oversee attorneys" who appear before it. ***McKenna v. Champion Int'l Corp.***, 747 F.2d 1211, 1215 (8th Cir. 1984), *overruled on other grounds by* ***Hoffmann-La Roche Inc. v. Sperling***, 493 U.S. 165, 167 n.1 (1989). *See also* ***C.E. Pope Equity Trust v. United States***, 818 F.2d 696, 698 (9th Cir. 1987) (When deciding whether a non-lawyer could appear for a trust, the Ninth Circuit held that "Oregon practice would not control practice in the federal courts.").

Other circuits interpret section 1654 as prohibiting a non-attorney administrator of an estate from proceeding pro se when there are other beneficiaries or creditors of the estate. *See* ***Pridgen v. Andresen***, 113 F.3d 391, 393 (2nd Cir. 1997); ***Sheperd v. Wellman***, 313 F.3d 963, 970 (6th Cir. 2002). In terms of 28 U.S.C. § 1654, such an administrator is not pleading and conducting his or her "own case." "[W]hen an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome of the proceedings." ***Pridgen***, 113 F.3d at 393 (internal quotations omitted).

In this case, Adrian Jones is not the only beneficiary/creditor of Dennis Jones's estate. Thus, as a non-attorney, Adrian Jones may not engage in the practice of law on behalf of others. *See* ***Ackra Direct Mktg. Corp. v. Fingerhut Corp.***, 86 F.3d 852, 857 (8th Cir. 1996); ***Knoefler v. United Bank of Bismarck***, 20 F.3d 347, 348 (8th Cir. 1994); ***United States v. Van Stelton***, 988 F.2d 70, 70 (8th Cir. 1993).

Jones argues that in the alternative to dismissal, he should be allowed to amend his complaint. Finding the complaint a nullity, the district court refused subsequent

pleadings that might relate back to the original complaint, again following the Arkansas Supreme Court in *Davenport*:

> In light of our duty to ensure that parties are represented by people knowledgeable and trained in the law, we cannot say that the unauthorized practice of law simply results in an amendable defect. Where a party not licensed to practice law in this state attempts to represent the interests of others by submitting himself or herself to jurisdiction of a court, those actions such as the filing of pleadings, are rendered a nullity.
>
> . . . [B]ecause the original complaint, as a nullity never existed, . . . an amended complaint cannot relate back to something that never existed, nor can a nonexistent complaint be corrected.

*Davenport*, 72 S.W.3d at 94.

Although not bound by Arkansas law on the procedural question of amendability, this court adopts the reasoning in *Davenport*. Adrian Jones committed the unauthorized practice of law. Because "[p]rofessional competence and professional responsibility are the sine qua non of federal litigation and effective judicial response," the defect cannot be amended. *C.E. Pope Equity Trust*, 818 F.2d at 698 (affirming dismissal without prejudice where party improperly filed complaint pro se). *See also* **Steele v. City of Bemidji**, 257 F.3d 902, 905 (8th Cir. 2001) (affirming dismissal based, in part, upon non-lawyer's representation of corporation in lawsuit); **Memon v. Allied Domecq QSR**, 385 F.3d 871, 874 (5th Cir. 2004) (noting that most district courts warn the party of the need for counsel before dismissal, or dismiss without prejudice, allowing the party to re-file with counsel).

The judgment of the district court is affirmed.

_____