

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2006

# Stacey v. City of Hermitage

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4176

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Stacey v. City of Hermitage" (2006). *2006 Decisions.* Paper 1251.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1251

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 03-4176

————————

RAYMOND STACEY, Individually
and as Co-Executor of the Last Will of Helen Stacey,
Appellant

v.

CITY OF HERMITAGE; GARY P. HINKSON, Individually
and in Official Capacity as City Manager of Hermitage;
EDWARD STANTON, Individually and in Official Capacity
as Police Chief of Hermitage;
RUSSELL V. PENN, JR., Individually and in Official Capacity
as City Inspector of Hermitage;
JEFFREY OSBORNE, Individually and in Official Capacity
as Asst. City Inspector of Hermitage;
ROBERT S. GOELTZ, Individually and in Official Capacity
as Fire Marshall of Hermitage;
JAMES PAT WHITE, Individually and in Official Capacity
as Commissioner of Hermitage;
THOMAS W. KUSTER; H. WILLIAM WHITE, III;
EKKER, KUSTER, MCCONNELL & EPSTEIN,
Attorneys at Law, Individually and in Official Capacity
as Solicitors for Hermitage;
CHRISTOPHER FERRY; WATTS & PEPICELLI,
Attorneys at Law; JERRY G. CARTWRIGHT, JR.,
Attorney at Law; PENN POWER CO.; OHIO EDISON CO.,
thru its Employees and Agents; RICHARD SEREDAY;
ROSEANN SEREDAY, doing business as SEREDAY EXCAVATING;
VIROSTICK TRANSFER, thru its Owners, Employees and Agents;
*WODZIANSKI & SMITH, thru its Owners, Employees and Agents;
RICHARD G. ENGLISH & ASSOC., thru its Owners, Employees and Agents;
THOMAS R. DOBSON, Individually and in Official Capacity
as Common Pleas Judge of Mercer County;
ELIZABETH F. FAIR, Individually and in Official Capacity

as Prothonotary of Mercer County, thru her Office, Employees and Agents

*(Amended per the Clerk's Order of 12/30/03)

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(WD/PA Civil No. 02-cv-01911)
District Judge: Honorable Robert J. Cindrich

_____

Submitted Under Third Circuit LAR 34.1(a) Nov. 12, 2004
Decided November 24, 2004
On Remand from the Supreme Court of the United States Oct. 11, 2005

(Filed: April 19, 2006)

Before: RENDELL, AMBRO and FUENTES, Circuit Judges.

_____

OPINION OF THE COURT

_____

PER CURIAM

Raymond Stacey appeals an order of the United States District Court for the

Western District of Pennsylvania dismissing a civil rights action filed by him and his

mother, Helen Stacey, who is now deceased, after the City of Hermitage demolished

Helen Stacey's home. On November 24, 2004, we entered a judgment affirming in part

and vacating in part the District Court's order. On October 11, 2005, the United States

Supreme Court vacated that judgment and remanded the case to this Court for further

consideration in light of its decision in Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,

544 U.S. 280, 125 S. Ct. 1517 (2005). Upon further consideration, we will affirm in part

2

and vacate in part the District Court's order.

Helen Stacey unsuccessfully tried to enjoin the demolition of her home in Pennsylvania state court. The opinion of the Commonwealth Court of Pennsylvania[1] reflects that in 1997, the City of Hermitage informed Stacey that her property violated the City's property maintenance code, and that the City was proceeding to have it declared a public nuisance. The following year, the City again notified Stacey that her property violated the code, and required her to remedy the violations. Stacey appealed to the City Board of Appeals. After a hearing, the Board determined that the property was an attractive nuisance, unsafe for human habitation, littered with garbage and weeds, a fire hazard and in danger of collapse. The state trial court affirmed the Board, with the exception of its finding that the property was a fire hazard. Stacey did not further appeal.

In June 2000, the City notified Stacey that the property would be demolished if she failed to cure the problems within thirty days. The City denied Raymond Stacey's request for an extension of time to complete the repairs. Helen Stacey, who executed a power of attorney naming Raymond as her legal representative, sought an injunction against the Board and the City. After a hearing, the trial court concluded that it was bound by its earlier order finding the structure unsafe, that it would be unreasonable to repair the structure, and that Helen Stacey was not entitled to a hearing before the Board because she did not timely appeal the demolition notice. On November 6, 2000, the trial court

_____

[1]Stacey v. City of Hermitage Bd. of Appeals, 789 A.2d 772 (Pa. Commw. 2001).

3

denied injunctive relief. The City demolished the structure the next day.

On appeal, the Commonwealth Court concluded that Helen Stacey was not denied a hearing on the issue of demolition, an opportunity to repair or sell the property, or an opportunity to remove her personal items. Although the Commonwealth Court did not condone the City's haste in razing the property, it concluded that Stacey was afforded due process, noting that she received notice that the demolition would occur if repairs were not made. The Commonwealth Court stated that demolition was the appropriate remedy.

On November 6, 2002, two years after the demolition, Helen and Raymond Stacey filed a civil rights action in District Court against the City of Hermitage and various City employees, attorneys who represented the City and the Staceys throughout the state court proceedings, a utility company, a demolition company and a moving company involved in the demolition, an inspector and appraiser hired by the City, the Pennsylvania Court of Common Pleas Judge who presided over the state court action, and the Court of Common Pleas prothonotary.

In their complaint, the Staceys alleged that the property was not a hazard, that there were alternatives to demolition, and that the demolition occurred without affording them due process. The Staceys also averred that in August 2000, various City employees and workmen from the utility and moving companies broke into the property, and searched and seized personal property without consent, a warrant or court order. The Staceys also alleged that in October or November 2000, City employees, and their inspectors and

4

appraisers, searched the property without consent, warrant or court order, and that the subsequent demolition deprived them of their civil rights.

The Staceys further stated that one of their attorneys and his law firm failed to seek an injunction to prevent the demolition, and that their subsequent attorney failed to seek a continuance of the injunction hearing so that they could present the testimony of contractors and engineers, and failed to attend the final hearing and perfect their appeal. The Staceys averred that the state court prothonotary did not process their notices of appeal, and that the state court judge was biased against them and had ex parte discussions with the City's attorney. Finally, they alleged that the City filed a lien against the property for the demolition charges without affording them procedural due process. In addition to their constitutional claims, the Staceys claimed violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"), the Pennsylvania Corrupt Organizations Act, 18 Pa. Cons. Stat. § 911, and 18 Pa. Cons. Stat. § 4910, which prohibits tampering with physical evidence.

Each defendant moved to dismiss the complaint on numerous grounds, including that the District Court lacked jurisdiction under the Rooker-Feldman doctrine and that the Staceys failed to state a claim under 42 U.S.C. § 1983, RICO and the Pennsylvania statutes. The District Court granted each motion to dismiss "for all of the reasons stated

therein." Dist. Ct. Order at 2. This appeal followed.[2] We have jurisdiction pursuant to

28 U.S.C. § 1291. To the extent the District Court concluded that it lacked jurisdiction

under the Rooker-Feldman doctrine, our standard of review is plenary. Marran v. Marran,

376 F.3d 143, 149 (3d Cir. 2004). Our standard of review is also plenary for those claims

that the District Court dismissed for failure to state a claim. Oatway v. American Int'l

Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).

In our previous opinion, we concluded that the District Court lacked jurisdiction to

entertain many of the Staceys' claims under the Rooker-Feldman doctrine because these

claims were either actually litigated in state court or inextricably intertwined with the

state adjudication. The Supreme Court, however, vacated that decision and remanded the

case to us for further consideration in light of its subsequent decision in Exxon Mobil,

125 S. Ct. 1517. Upon further consideration, we conclude that the Rooker-Feldman

doctrine does not apply.

In Exxon Mobil, the Supreme Court clarified the scope of the Rooker-Feldman

doctrine, stating that it is confined to cases "brought by state-court losers complaining of

injuries caused by state-court judgments rendered before the district court proceedings

---

[2]Shortly before the District Court granted the motions to dismiss, Helen Stacey passed away and the District Court substituted Raymond Stacey, as co-executor of Helen Stacey's will, in the place of Helen Stacey as plaintiff. Counsel has entered an appearance on behalf of Raymond Stacey and the Estate of Helen Stacey. See Shepherd v. Wellman, 313 F.3d 963, 970-71 (6th Cir. 2002) (citing Pridgen v. Andresen, 113 F.3d 391 (2d Cir. 1997)).

commenced and inviting district court review and rejection of those judgments." Id. at 1521-22. The Supreme Court explained that 28 U.S.C. § 1257 vests authority to review a state court's judgment solely in the Supreme Court. Id. at 1526. However, § 1257 does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court" a matter previously litigated in state court. Id. at 1527. Rather, "[i]f a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion (second alteration and omission in original).'" Id.

Under Exxon Mobil, preclusion law may apply to the Staceys' claims, but the Rooker-Feldman doctrine is not implicated. The Staceys do not invite the District Court to review and reverse the unfavorable state-court judgment. Instead, they seek to litigate in federal court claims that may have been previously litigated in state court or are related to their earlier litigation in state court. Thus, the District Court has jurisdiction to adjudicate the Staceys' complaint.

Because the Staceys' claims are not subject to dismissal under the Rooker-Feldman doctrine, we must consider the other bases for dismissal that the defendants raised in their motions to dismiss. It was unnecessary to address many of the claims and arguments discussed below in our prior opinion in light of our conclusion that the District Court lacked jurisdiction to entertain claims related to the demolition. We now consider

7

these arguments and, unlike the District Court, we conclude that some, but not all, of the asserted grounds for dismissal have merit.

We first address the arguments raised by the City of Hermitage and its employees (the "City defendants") in their motion to dismiss the complaint. The City defendants correctly argue that any claims against the individual City defendants in their official capacities should be dismissed because these claims are treated as claims against the City itself. See Hafer v. Malo, 502 U.S. 21, 25 (1991). The City defendants also argue that the Staceys' claims under 42 U.S.C. § 1983 are barred by the statute of limitations. We agree that the Staceys' § 1983 claims arising out of events they allege occurred before November 6, 2000 are time-barred based upon the filing of the complaint on November 6, 2002. See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993) (applying two-year statute of limitations to § 1983 claims). However, the Staceys' § 1983 claims arising out of the events that occurred on November 6, 2000 and thereafter are not time-barred.

The City defendants correctly argue that the Staceys' procedural due process claims challenging the adequacy of the notice they received and their right to a hearing before the demolition are barred by the doctrine of issue preclusion because these issues were fully litigated in Pennsylvania state court. See Witkowski v. Welch, 173 F.3d 192, 199 (3d Cir. 1999) (setting forth requirements for application of issue preclusion).

The City defendants are also correct that Raymond Stacey has not established his standing to bring a § 1983 claim based upon a violation of property rights with respect to

8

Helen Stacey's home. See Oxford Assoc. v. Waste System Auth., 271 F.3d 140, 145-46 (3d Cir. 2001) (noting that prudential standing requires that a litigant assert his own legal interest rather than that of a third party). As noted in our previous opinion, Raymond Stacey should be afforded an opportunity on remand to amend his complaint to demonstrate standing.

The City defendants also argue that they are entitled to immunity from liability stemming from the demolition of Helen Stacey's residence because they acted pursuant to a court order. The City defendants, however, do not identify the order that they allegedly followed or further discuss the circumstances surrounding the decision to demolish the home on November 7, 2000. We conclude that the City defendants have not shown they are entitled to immunity from liability.

The City defendants also have not established that the Staceys failed to state a claim under the Fourth Amendment. We agree that the Staceys' claims of unlawful searches and seizure of property before November 6, 2000 are time-barred. The complaint, however, also alleges an unlawful seizure in connection with the demolition. Although the City defendants further argue that Raymond Stacey has not established that he has an interest protected by the Fourth Amendment, he alleges that he had personal property in the home, having lived there much of his life. See Soldal v. Cook County, 506 U.S. 56, 61 (1992) (noting Fourth Amendment protects property as well as privacy).

The City defendants also have not demonstrated that the Staceys failed to state a

9

substantive due process claim because the Staceys did not assert the infringement of a fundamental right. See Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998) (explaining that such a claim requires a deprivation of a protected property interest by arbitrary and capricious government action). However, we will affirm the District Court's dismissal of the Staceys' claims under the Fifth Amendment because these claims are properly considered under the Fourteenth Amendment. Kelly v. Borough of Sayreville, 107 F.3d 1073, 1076 (3d Cir. 1997). We also agree that the Staceys' claims under the Ninth Amendment were properly dismissed.

The City defendants also challenge the Staceys' claims under RICO and the Pennsylvania criminal statutes. We previously concluded that the Staceys failed to state claims under these statutes. We reaffirm that determination. See Beck v. Prupis, 529 U.S. 494, 505-06 (2000) (holding that a conspiracy claim under RICO must involve an act of racketeering or an act that is otherwise unlawful under the statute); D'Errico v. DeFazio, 763 A.2d 424, 430 (Pa. Super. 2000) (declining to imply a private right of action under Pennsylvania Crimes Code section without an indication that the legislature contemplated such an action); Malley-Duff & Assoc., Inc. v. Crown Life Ins. Co., 792 F.2d 341, 347 n.13 (3d Cir. 1986) (noting 18 Pa. Cons. Stat. § 911 does not provide for a private cause of action).

Because the District Court granted the City defendants' motion to dismiss the complaint, it did not reach their motion for a more definite statement and motion to strike

10

any claim for punitive damages. We agree with the City defendants that the Staceys' use of the terms "plaintiffs" and "defendants" throughout the complaint makes it difficult for the City defendants to respond. On remand, Raymond Stacey must specify the parties to whom he refers with respect to the remaining claims. We also conclude that the Staceys' claims for punitive damages against the City should be stricken. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

Finally, we stated in our prior opinion that dismissal of the Staceys' claim that the City filed a lien against the property for more than the cost of the demolition without affording procedural due process was not warranted. We reaffirm that conclusion based upon the fact that the City did not address this claim in its motion to dismiss.

We next consider the bases for the motions to dismiss the complaint filed by the non-City defendants.[3] The Staceys alleged that the City awarded Richard Sereday and Roseann Sereday, doing business as Sereday Excavating ("Sereday"), the contract to demolish their home. Sereday argues that the Staceys' § 1983 claims were properly dismissed because Sereday's conduct in performing the demolition pursuant to a contract with the City did not constitute state action. Absent any evidence of the relationship between Sereday and the City, however, lack of state action does not provide a basis for dismissal. This argument is more appropriately raised in a motion for summary judgment,

---

[3]Most of these defendants also moved to dismiss the RICO claims and claims under the Pennsylvania criminal statutes, and argued that the Rooker-Feldman doctrine applies. These arguments are addressed above.

11

as was the case in <u>Black by Black v. Indiana Area Sch. Dist.</u>, 985 F.2d 707 (3d Cir. 1993), which Sereday relies upon in support of its motion.

Sereday further argues that the Staceys' § 1983 claims were properly dismissed because Sereday's conduct did not cause the Staceys' alleged injuries. Sereday asserts that it had nothing to do with the determinations that the Stacey's property was a nuisance and that demolition was the appropriate remedy. We conclude, however, that it would be premature to dismiss the Staceys' § 1983 claims against Sereday at this stage of the proceedings.

The Staceys further alleged that the City hired Richard G. English & Associates ("English") and Wodzianski & Smith, Inc. ("W&S") to inspect and appraise Helen Stacey's home. The Staceys alleged that in October or November 2000, English and W&S, with the City defendants, entered and searched the Stacey home without consent, warrant or court order. English and W&S correctly argue that the Staceys' Fourth Amendment claim is barred by the two-year statute of limitations. <u>See</u> <u>Kost</u>, 1 F.3d at 189. English states that it inspected the property on October 19, 2000, prepared a report on November 2, 2000, and was prepared to testify at the November 6, 2000 hearing in state court, but was not called to do so because the Staceys did not appear. W&S also states that it inspected the property before November 6, 2000. The Staceys did not specify in their complaint the date that English and W&S entered the property in October/November 2000. However, English correctly notes that it had to have entered

12

the property before November 6, 2000, the date of the state court hearing. The complaint was thus filed more than two years after the alleged unlawful entry and is time-barred as to this claim.[4]

Similarly, the Staceys averred that in August 2000, Penn Power Company and Virostick Transfer, Inc. searched for evidence and seized personal property without consent or court order. The Staceys' claims arising out of these events are time-barred.

The Staceys also asserted legal malpractice claims against Christopher Ferry, Watts and Pepicelli, and Jerry Cartwright, their attorneys in the state court proceedings. We reaffirm our previous conclusion that, construed liberally, the complaint states claims for relief and that Stacey should be afforded an opportunity to amend the complaint to establish his standing to pursue these claims. We note that these defendants correctly argued that the Staceys do not state a claim for relief against them under § 1983, but they did not address the Staceys' allegations of malpractice in their motions to dismiss the complaint.

We also reaffirm our previous conclusion that the state court judge is immune from liability. Stump v. Sparkman, 435 U.S. 349, 356 (1978). However, in revisiting our prior conclusion that Elizabeth Fair, the state court prothonotary, is immune from liability for allegedly failing to file the Staceys' notices of appeal, we conclude that Fair has not

---

[4]In light of this conclusion, we need not address the other bases for dismissal asserted by these defendants.

13

established that she is immune from suit.[5]  However, we agree with Fair that the Staceys

failed to state a constitutional claim against her under § 1983.

Thus, the following claims survive the defendants' motions to dismiss:  (1) claims

under § 1983 against the City defendants and Sereday arising from the demolition; (2)

claims under § 1983 against the City defendants arising from the imposition of the lien

against the Stacey property; and (3) legal malpractice claims against the Staceys'

attorneys.  Accordingly, we will affirm in part and vacate in part the order of the District

Court and will remand this matter for further proceedings consistent with this opinion.

---

[5]In revisiting our prior conclusion, we found it unclear whether the Staceys allege that Fair acted at the court's direction.  Thus, it is not clear that Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969), which held that a prothonotary was immune from suit in such a situation, applies.  When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges – that is, because they exercise a discretionary judgment as part of their function.  Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436 (1993).  The duty to file a notice of appeal is non-discretionary.  See Pa. R. App. Pro. 905.