OPINION OF THE COURT
PER CURIAM.
T. Barry Gray, proceeding -pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania denying his motion to proceed in fo7-ma pauperis and an order denying his motion for reconsideration. For the reasons discussed below, we will vacate the District Court’s orders and remand for further proceedings.
Gray filed a pro se motion to proceed in forma paupe7is in connection with a civil rights action. Gray filed his motion individually and as executor of the estate of his mother, Thelma Gray. The District Court denied the motion, noting that Gray had only, submitted an affidavit regarding his financial condition and that he had not indicated whether the estate was solvent and still being administered.
Gray filed a motion for reconsideration and attested that the estate was insolvent and was still being administered. The District Court denied the motion. In a subsequent opinion, the District Court explained that this action was the third attempt by Gray family members to have a federal court adjudicate a mortgage foreclosure dispute previously decided in state court. The District Court found the complaint legally frivolous under 28 U.S.C. § 1915(e)(2)(B), stating that there is no possible legal theory upon which Gray could obtain relief. This appeal followed.
*658 We have jurisdiction pursuant to 28 U.S.C. § 1291. Sinwell v. Shapp, 536 F.2d 15, 16 (3d Cir.1976). We review the denial of a motion to proceed in forma pauperis and the denial of a motion for reconsideration for abuse of discretion. See Sinwell, 536 F.2d at 19 (informa pauperis motion); Max’s Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir.1999) (motion for reconsideration).
In this Circuit, leave to proceed in forma pauperis is based on a showing of indigence. Deutsch v. United States, 67 F.3d 1080, 1084 n. 5 (3d Cir.1995). The court reviews the litigant’s financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed in forma pauperis. Id. In cases where leave is granted, the court thereafter considers the separate question whether the complaint should be dismissed as frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B). See id. (discussing the standard for dismissal in former § 1915(d), which is now set forth in § 1915(e)(2)(B)). The District Court thus abused its discretion in denying Gray in forma pauperis status on his own behalf based on a determination that the complaint is legally frivolous. See Sinwell, 536 F.2d at 19 (holding that the district court abused its discretion in denying informa pauperis status based on a finding of improper venue rather than on economic status).
The District Court’s denial of in forma pauperis status to the estate, however, was correct on other grounds. See Narin v. Lower Merion Sch. Dist., 206 F.3d 323, 333 n. 8 (3d Cir.2000) (noting appellate court may affirm a decision on a ground other than that relied on by the district court). Only natural persons may proceed in forma pauperis under 28 U.S.C. § 1915. Rowland v. California Men’s Colony, 506 U.S. 194, 196, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). Because an estate is not a natural person, it may not so proceed.[1] Accordingly, we will vacate the District Court’s orders and remand for further proceedings. On remand, the District Court shall address whether Gray is entitled to proceed in forma pauperis on his own behalf.[2]

. This appeal also raises a question as to whether Gray, as a non-lawyer, may represent the estate. See, e.g., Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir.1997) (holding that an executor may not proceed pro se when the estate has beneficiaries or creditors other than the litigant). Based on our decision that the estate may not proceed in forma pauperis, it is unnecessary to reach this question.

. We do not imply any disagreement with the District Court's ultimate conclusion as to the viability of Gray's complaint. The decision of whether the complaint is subject to dismissal, however, must await the determination of whether Gray is entitled to proceed in forma pauperis. If he is or if he pays the necessary filing fee, dismissal could not properly occur unless and until Gray actually files his complaint.