**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 2, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GLN COMPLIANCE GROUP, INC.,

       Plaintiff,

v.

JONATHAN ROSS,

       Defendant/Third-Party
       Plaintiff/Appellee

v.

GERALD NAEKEL,

       Third-Party Defendant/
       Appellant.

No. 11-1246
(D.C. No. 1:01-CV-02313-JLK-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

This case has a lengthy and complicated procedural history. Our focus on

appeal is limited to the district court's judgment against third-party defendant

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Gerald Naekel[1] for conducting himself outrageously toward and defaming third-party plaintiff Jonathan Ross. Reviewing the district court's legal conclusions de novo and its factual findings for clear error, as is appropriate following a bench trial, Chavez v. City of Albuquerque, 630 F.3d 1300, 1306 (10th Cir. 2011), we affirm.

**I**

Naekel's company, GLN Compliance Group ("GLN"), contracted to support United Airlines ("United") in United's effort to secure operating certifications from the Federal Aviation Administration ("FAA"). Ross, an independent contractor under Naekel's supervision, served as the chief pilot on the project. As the district court's opinion sets out in detail, the relationship between GLN and United soured during May and June 2001, and finally terminated effective July 12, 2001.

---

[1] Naekel is the only recognized appellant on appeal. Although he purports to represent himself and GLN Compliance Group, the rule in this circuit is that a corporation may appear in federal court only through an attorney. See Tal v. Hogan, 453 F.3d 1244, 1254 (10th Cir. 2006). Naekel claims that GLN transferred to him all rights, obligations, and responsibilities relating to this civil action; however, courts have rejected such assignments as "no more than a procedural subterfuge to avoid court rules prohibiting corporations from appearing without legal representation." 9A Fletcher Cyclopedia of the Law of Corporations § 4463 (2012); see, e.g., Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385-86 (11th Cir. 1985). We therefore limit our review to rulings involving Naekel personally.

Ross and several other individuals accepted United's offer to stay on the project until the certification process was completed. Naekel acknowledges that Ross was free to contract with United. However, he viewed Ross' choice as a betrayal. For the next eight years, Naekel "undertook a concerted, systematic campaign of malicious misinformation, threats, and hyperbolic statements against Ross . . . through emails, telephonic messages, and postings on GLN's website." Among other things, Naekel accused Ross of theft. These actions form the basis of Ross' eventual cross-claim against Naekel for defamation and outrageous conduct.

## II

## A

Naekel does not deny making the statements attributed to him; instead he claims that these statement were truthful. The district court, however, found that Naekel's accusations against Ross were false. Our review of such a factual finding is limited and deferential:

> In an appeal from a bench trial . . . [i]t is not the role of an appellate court to retry the facts, because the court below has the exclusive function of appraising credibility, determining the weight to be given testimony, drawing inferences from facts established, and resolving conflicts in the evidence. That the record supports a view of the evidence that is permissible but contrary to the trial court's findings is not sufficient to warrant upsetting the lower court's findings. Instead, findings of fact are clearly erroneous when they are unsupported in the record, or if after our review of the record we have the definite and firm conviction that a mistake has been made.

Holdeman v. Devine, 572 F.3d 1190, 1192 (10th Cir. 2009) (alterations omitted). Upon consideration of the record evidence, we readily affirm the district court's finding that Naekel defamed Ross. We agree, moreover, that Naekel's indiscriminate dissemination of defamatory statements concerning a non-public figure and matters outside the scope of public concern did not implicate any privileges from liability. Naekel made additional statements relating to an allegedly improper relationship between United and the FAA which may be of public interest, but as the district court noted, those statements are not at issue in this case.

**B**

We agree with the district court that Naekel's conduct included not only publicly defamatory statements about Ross, but also outrageous private harassment of him. The district court's assessment of the evidence was in keeping with relevant precedent, see generally Lee v. Colo. Times, Inc., 222 P.3d 957, 963-65 (Colo. App. 2009), and we affirm its judgment making Naekel liable to Ross for the intentional infliction of emotional distress.

**III**

Naekel has not aided his case by submitting rambling briefs advancing ill-founded criticisms of the district court judge, the legal system, and various members of the bar. Notwithstanding the inadequacies of his briefing, we have thoroughly reviewed the substantial evidentiary record and are confident the district court properly resolved this case.

The judgment of the district court is **AFFIRMED**. Naekel's motion for leave to proceed in forma pauperis on appeal is **DENIED** because his filings do not "show a financial inability to pay the required filing fees." <u>DeBardeleben v. Quinlin</u>, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Carlos F. Lucero
Circuit Judge