

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAKINA ORTEGA, individually, and as successor of interest of Victor Ortega, deceased; et al., | No. 17-55564 |
| Plaintiffs-Appellants, | D.C. No. 3:13-cv-00087-LAB-JMA |
| v. | |
| SAN DIEGO POLICE DEPARTMENT, a public entity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted March 28, 2019**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Shakina Ortega, proceeding pro se, appeals the district court's entry of

judgment following a jury verdict in this 42 U.S.C. § 1983 action alleging

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violations of the Fourth and Fourteenth Amendments and state law. On June 4, 2012, Officer Jonathan McCarthy shot and killed Victor Ortega, Ortega's husband, while attempting to take him into custody. Ortega, then represented by counsel, brought suit individually and on behalf of her minor children and the estate of Victor Ortega. Following entry of judgment for defendants, Ortega timely appealed. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Ortega's failure to file a post-verdict motion for judgment as a matter of law precludes appellate review for sufficiency of the evidence to support the verdict. *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1088 (9th Cir. 2007) (failure to file a post-verdict motion under Federal Rule of Civil Procedure 50(b) precludes even plain error review).

The district court did not err in failing to strike a juror because there was no "evidence of partiality . . . so indicative of impermissible juror bias that the court was obliged to strike [the juror] . . . , even though neither counsel made the request." *United States v. Mitchell*, 568 F.3d 1147, 1151 (9th Cir. 2009) (citation and internal quotation marks omitted); *see United States v. Olsen*, 704 F.3d 1172, 1191 (9th Cir. 2013) ("[A]ctual bias is not proven by the mere fact that [a juror] learned about the case from the media and formed prior impressions about it . . . before the trial.").

2

The district court did not abuse its discretion in excluding testimony by Ortega's sister, Naomi Campbell, as hearsay and because any probative value was substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time. *See* Fed. R. Evid. 403, 801(c); *Harper v. City of L.A.*, 533 F.3d 1010, 1030 (9th Cir. 2008) (standard of review). Even if there were error, moreover, Ortega has not shown prejudice. *See id.* (reversal of an evidentiary ruling requires a showing of prejudice, that is, that "more probably than not, the . . . error tainted the verdict" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in publishing a video recreation prepared by defendants' expert Geoffrey Desmoulin, and even if there were error, Ortega has not shown prejudice. *See id.*; *Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1432-33 (9th Cir. 1991) (where demonstrative evidence was simply a more graphic version of what a witness had already said, and plaintiff did not show that the evidence was inaccurate, any error in admitting it was harmless).

To the extent that Ortega, proceeding pro se, attempts to represent the interests of her minor children and the estate of Victor Ortega, those parties are not properly before this court. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (noting that "a non-lawyer has no authority to appear as an attorney for others than himself" and applying this rule where a parent or guardian attempts to

bring an action on behalf of a minor child without retaining a lawyer (citation and internal quotation marks omitted)); *accord*, *e.g.*, *Pridgen v. Andresen*, 113 F.3d 391, 392-93 (2d Cir. 1997) ("[A]n administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant.").

Ortega's allegations of attorney misconduct are speculative and unsupported by the record.

Ortega's Motion to Supplement the Record on Appeal (Docket No. 19) is DENIED.

Ortega's Motion to Assign Original Panel (Docket No. 30) is DENIED.

**AFFIRMED.**